**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 08 CR 848 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| JOE HESTER, | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Joe Hester's motion to dismiss the indictment [86]. For the reasons set forth below, the motion to dismiss [86] is respectfully denied.

**I.     Background**

On February 17, 2009, a federal grand jury returned a three-count indictment charging Defendant Joe Hester ("Hester") with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and two counts of possession of narcotics with intent to distribute [24]. On December 9, 2009, a grand jury returned a superseding indictment based on substantially the same charges [89]. On December 1, 2009, prior to the superseding indictment, Hester filed a motion to dismiss the indictment relying on the Seventh Circuit's recent decision in *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009). In *Buchmeier*, the Illinois Department of Corrections sent the defendant a notice that notified him of the restoration of certain civil rights. Hester's motion contends that he has not committed a predicate felony – a crime punishable by imprisonment for a term exceeding one year – which is an element that the government must prove under § 922(g)(1). Hester argues that, under *Buchmeier*, his Illinois convictions do not count as predicate felonies because the State of Illinois notified him of the restoration of certain civil rights.[1]

---

[1]  Hester argues that his *Buchmeier* claim requires dismissal of the entire indictment. However, Hester's *Buchmeier* argument pertains only to the § 922(g) charge in Count I – the only count that depends on the

On December 21, 2009, the government filed a motion to extend time to respond to Hester's motion in order to determine whether Illinois sent Hester a notice similar to the one at issue in *Buchmeier*. On January 5, 2010, after the Court granted the government's first motion, the government filed a second motion for an extension, in order to obtain relevant documents from the Illinois Department of Corrections. On January 14, 2010, the judge previously assigned to the case recused herself, without ruling on the motion to dismiss the indictment or the government's second motion for extension of time. On January 21, 2010, the Court granted the government's second motion for extension of time, and later gave Hester additional time to file his reply.

## II.  Legal Standard

Federal Rule of Criminal Procedure 12(b)(3)(B) permits a party to make a pretrial motion that challenges the sufficiency of an indictment or information. The contents of an indictment or information, in turn, are spelled out in Federal Rule of Civil Procedure 7(c)(1). The Seventh Circuit teaches that an indictment is constitutionally adequate and complies with Rule 7(c)(1) where it (i) states the elements of the offense charged, (ii) fairly informs the defendant of the nature of the charge so that he or she may prepare a defense, and (iii) enables the defendant to plead an acquittal or conviction as a bar against future prosecutions for the same offense. *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997); see also *Hamling v. United States*, 418 U.S. 87, 118 (1974) (discussing precedent and describing when the language of the indictment will be deemed sufficient); *Russell v. United States*, 369 U.S. 749, 763 (1962) (among the criteria

---

meaning of the phrase "crime punishable by imprisonment for a term exceeding one year." § 921(a)(20). Counts II and III are drug trafficking offenses and are not affected by *Buchmeier*. Hester cites no support, and the Court in its own research has not found any support, for Hester's claim that because he was originally charged by complaint with violating § 922(g), the indictment may only survive if it contains a § 922(g) count. In any event, as explained below, the Court determines that the § 922(g) count survives.

for gauging sufficiency of an indictment are whether it includes "the elements of the offense intended to be charged" and whether is "sufficiently apprises the defendant of what he must be prepared to meet").

The Supreme Court has long held that "[a]n indictment returned by a legally constituted and unbiased grand jury, * * * if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. U.S.*, 350 U.S. 359, 362 (1956). Indictments are to be reviewed "on a practical basis and in their entirety, rather than in a hypertechnical manner." *United States v. Cox*, 536 F.3d 723. A motion to dismiss an indictment is not "a means of testing the strength or weakness of the government's case.'" *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009). Thus, while an indictment may be dismissed if subject to a defense that raises a purely legal question (*United States v. Labs of Virginia, Inc.*, 272 F. Supp. 2d 764, 768 (N.D. Ill. 2003)), a defense that relates to the strength of the Government's evidence ordinarily must wait for the trial. *Moore*, 563 F.3d at 586 (inquiry at the motion to dismiss phase is to determine "if it's possible to view the conduct alleged" as constituting the crime alleged); *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988) (noting the ordinary rule while affirming a district court that dismissed an indictment as to which, under the undisputed facts, "there was no case to prove").

## III. Analysis

In *Buchmeier*, the Court considered whether defendant's Illinois convictions qualified him as an armed career criminal under 18 U.S.C. § 924(e). Section 924(e) establishes a fifteen year mandatory minimum sentence for a defendant convicted as a felon in possession of a firearm under § 922(g) who has had at least three previous convictions for violent felonies or serious drug offenses. At issue was whether Buchmeier had three convictions for violent felonies, which, under the statute, must be crimes "punishable by imprisonment for a term

3

exceeding one year." 18 U.S.C. § 922(e)(2)(B). Buchmeier argued that his eight Illinois convictions for burglary did not meet the statutory definition of such crimes in light of 18 U.S.C. § 921(a)(20), which states:

> The term "crime punishable by imprisonment for a term exceeding one year" does not include:
>
> (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
>
> (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
>
> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).

Based on the last cited paragraph, Buchmeier claimed that Illinois had restored his civil rights with respect to his eight burglary convictions, and that the restoration of his civil rights did not expressly prohibit him from possessing firearms. *Buchmeier*, 581 F.3d at 564. With the eight convictions "erased," Buchmeier no longer would have three convictions for violent felonies and could not be properly sentenced under § 924(e) as an armed career criminal. *Id.* In support of his claim, Buchmeier relied on a notice that he received from the Illinois Department of Corrections after his state sentences expired and he was released from all supervision. *Id.* The notice informed Buchmeier that the State of Illinois had restored his right to vote and to hold offices created under the Illinois constitution and did not expressly state that Buchmeier was prohibited from possessing firearms. *Id.*

4

The Seventh Circuit sided with Buchmeier, concluding that the notice that he received purported to restore his civil rights with respect to his eight Illinois convictions and did not expressly state provide that Buchmeier was prohibited from possessing firearms. The court held that the eight burglary convictions were not "crime[s] punishable by imprisonment for a term exceeding one year" under § 921(a)(20). *Id.* at 567. The court reasoned that the second sentence of the final paragraph of § 921(a)(20) – governing convictions in which a person has had his civil rights restored – is an "anti-mousetrapping provision," which "protects people who might be snookered, by material omissions from governmental documents, into believing that they are entitled to possess firearms." *Id.* at 566. The court concluded that if the state "sends a document that seems to restore all civil rights[,] the conviction does not count for federal purposes unless the document warns the person about a lingering firearms disability." Id. at 566-57.

Hester claims that he received the same notice from Illinois that Buchmeier received, and that, like Buchmeier, he believed that he was entitled to possess firearms. Therefore, Hester contends that his Illinois convictions do not count as predicate felonies under § 922(g) and he is entitled to dismissal of all three counts of the indictment.

In this case, the indictment alleges that Hester has been previously "convicted of a crime punishable by at least a term of imprisonment exceeding one year."[2] [89 at 1]. However, the government contends that it need not rely on any of Hester's Illinois convictions as predicate felonies under § 922(g). Instead, the government alleges that Hester has a felony conviction in

---

[2] In his reply brief, Hester contends that the government "charged and indicted" him as a felon in possession based on an Illinois conviction, not on a Georgia conviction. Although the affidavit attached to the criminal complaint [1] refers only to Illinois offenses, both the initial [24] and superseding [89] indictments indicate that Hester was "previously convicted of a crime punishable by at least a term of imprisonment exceeding one year," without reference to the jurisdiction of the predicate felony. Hester has not cited, nor has the Court found, any authority to support the proposition that the government must specify the jurisdiction of the predicate offense in the indictment.

5

the State of Georgia, which serves as the predicate felony in this case, and that the Illinois notice does not serve to restore his civil rights with respect to the Georgia conviction.

According to the government and not contested by Hester in his reply brief, Hester was convicted in Georgia of a crime punishable by imprisonment for a term exceeding one year prior to Hester's possession of a firearm as charged in the indictment. The government contends that on May 22, 1979, Hester, using the alias Charles Willie Young, was convicted of burglary (a felony) in the Fulton Superior Court in the State of Georgia, and sentenced to up to three years in prison, with a requirement that he serve five months.[3]

Section 921(a)(20) states that what constitutes a crime punishable by imprisonment for a term exceeding one year is "determined in accordance with the law of the jurisdiction in which the proceedings were held." In other words, "whether a person has had civil rights restored * * * is governed by the law of the convicting jurisdiction." *Beecham v. United States*, 511 U.S. 368, 371 (1994) (holding that federal law decides whether rights have been restored with respect to a federal conviction); see also *U.S. v. Schnell*, 353 Fed. Appx. 12, 15 (7th Cir. 2009) ("Only the jurisdiction that obtained a conviction may forgive the conviction for purposes of § 921(a)(20)"). Thus, even if Hester received a notice from Illinois restoring his civil rights in Illinois, that notice did not – indeed, could not – have any impact on Hester's prior conviction in Georgia. Accordingly, the Georgia conviction – which was for a crime *punishable* by imprisonment for a term exceeding one year – may serve as a necessary predicate felony under § 922(g)(1).[4]

---

[3] The government represents to the Court that it has obtained a certified copy of the conviction from the State of Georgia.

[4] In his reply brief, Hester understandably expresses frustration with the government's use of a thirty-year old conviction from another jurisdiction to serve as the predicate felony for the felon in possession charge, particularly after the complaint referred only to a prior Illinois conviction. However, Hester has not provided, and the Court in its independent research has not found, authority that suggests any temporal limitations on the predicate felonies under the felon in possession statute.

**IV.	Conclusion**

      For the reasons stated above, the motion to dismiss [86] is respectfully denied.

Dated: June 29, 2010

                                                 Robert M. Dow, Jr.
                                                 United States District Judge