# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 08 CR 848 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| JOE HESTER, ) | |

## MEMORANDUM OPINION AND ORDER

On May 7, 2010, Defendant Joe Hester filed a re-submission of a motion to dismiss the indictment in this case [126]. For the reasons set forth below, motion [126] is respectfully denied.

**I.   Background**

On October 21, 2008, Hester was arrested on a criminal complaint charging him with a violation of 18 U.S.C. §922(g). A federal defender appeared on his behalf at his initial appearance on October 22, 2008. Then, at a detention hearing held on October 24, 2008, attorney William Laws was given leave to file his appearance on behalf of Hester after Hester acknowledged on the record that it was his desire that Laws appear for him as his lawyer. During the hearing, Laws argued for Hester's release on bond. Hester waived his right to a preliminary examination at that time.

On November 20, 2008, the government filed a motion for extension of time [10] in which to return an indictment pursuant to 18 U.S.C. §3161(h)(8)(A). The motion reflected that Hester's attorney did not object to the motion. *Id.* On November 20, 2008, Chief Judge Holderman granted the government's motion for an extension of time [11] to and including December 22, 2008. On December 22, 2008, the government filed a second motion for extension of time [14] in which to return an indictment pursuant to 18 U.S.C. §3161(h)(8)(A).

The motion again reflects that Hester's attorney did not object to the motion. *Id.* On December 22, 2008, Chief Judge Holderman granted the government's second motion for an extension of time [16] to and including January 22, 2009. Then, on January 22, 2009, the government filed a third motion for extension of time [20] in which to return an indictment pursuant to 18 U.S.C. §3161(h)(8)(A). The motion stated that government counsel had not yet heard from Hester's attorney as to whether there was an objection to the motion. *Id.* On January 22, 2009, Chief Judge Holderman granted the government's third motion for an extension of time [21] to and including February 23, 2009. On February 17, 2009, the grand jury returned a three-count indictment charging Hester with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and two counts of possession of narcotics with intent to distribute [24],[1] and Hester was arraigned on February 24, 2009.

On March 9, 2009, Hester filed several *pro se* motions, including motions for dismissal for the violation of his due process rights [35], dismissal [36], and immediate release based on a violation of the Speedy Trial Act [39]. On March 25, 2009, Laws filed a motion to withdraw [41] as Hester's attorney, which the Court granted on March 26, 2009. A federal defender panel attorney was appointed as standby counsel on April 8, 2009. On May 15, 2009, the Court granted Hester's request to proceed *pro se* and ordered the government to respond to Hester's pending motions.

On August 21, 2009, the Court held a hearing [72] on the motions. A primary issue discussed at the hearing was whether government counsel actually had contacted Hester's attorney to ascertain Hester's position prior to filing motions on November 20, 2008 and December 22, 2008, as was represented in the motions themselves. Government counsel

---

[1] On December 9, 2009, a grand jury returned a superseding indictment containing substantially the same charges [89].

2

testified to her communications with Laws prior to filing the motions and provided as exhibits documents, correspondence, and telephone records concerning those communications. Government counsel testified that on November 20, 2008, she spoke with Laws and he expressed no objection to the November 20, 2008 motion. She further testified that she spoke with Laws on December 19, 2008, and he expressed no objection to the December 22, 2008 motion. Government counsel also testified that she attempted to speak with Laws in regard to the January 22, 2009 motion, but was unable to reach him prior to filing the motion. The motion reflected that government counsel had been unable to reach Laws prior to filing the motion on January 22, 2009. Government counsel testified that she spoke with Laws on January 23, 2009, and that he indicated that he would need to speak to his client before he could determine whether to oppose the motion. The government provided telephone records pertaining to the telephone calls.

Laws also testified at the hearing. He indicated that he did not file an appearance on Hester's behalf. Laws admitted that he stated to government counsel that he had no objection to the November 20, 2008 motion, but he testified that he told government counsel he could not agree to the second extension because he had not talked to Hester concerning it. Laws' recollection of the January 23, 2009 telephone call was "I believe this is a conversation about some discovery maybe" and he recalled that he did not agree to any extension in January.

On August 27, 2009, Judge Manning, to whom this case was then assigned, denied [73] Hester's motion for discovery, motion for dismissal for the violation of his due process rights, motion for dismissal, and motion for immediate release based on a violation of the Speedy Trial Act. In denying the motion concerning the Speedy Trial Act and the due process motion, Judge Manning noted that, as a legal matter, "defendant is entitled to dismissal under § 3161(h) of his indictment only if the court abused its discretion in granting the motion to extend and the

defendant was actually prejudiced as a result." [73 at 2.] Judge Manning concluded that "Hester has failed to show either an abuse of discretion or actual prejudice." *Id.* Judge Manning reasoned that "the government is entitled to adequate time to gather its evidence and witnesses to present to a grand jury." *Id.* at 3. Judge Manning further pointed out that "Hester has presented no evidence that the delay in presenting Johnson to the grand jury or in obtaining the results of forensics tests were the result of a lack of diligence by the government." *Id.* at 3. On the issue of due process, Judge Manning noted that in order to obtain relief, "Hester must establish actual and substantial prejudice from the delay," and that Hester had failed to meet that burden. *Id.*

Judge Manning credited the testimony of government counsel that Laws had indeed expressed no objection to the November 20, and December 22, 2009 motions, as the government stated in the motions themselves. Judge Manning also considered and rejected Hester's argument, presented for the first time at the conclusion of the August 21, 2009 hearing, that Laws was not Hester's attorney and that he thus had no authority to waive objection to the motions. *Id.* at 3. Judge Manning determined that "the court need not delve into the issue of whether any misunderstanding over Laws' representation of Hester caused the court to extend the time to indict without first holding a hearing because no hearing was necessary under § 3161(h)(8)(A)." *Id.* at 3-4 (citing *United States v. Daniels*, 631 F. Supp 602, 604-5 (N.D. Ill. 1986) and *United States v. Ousley,* 100 F.3d 75, 77 (7th Cir. 1996)).

**II.    Analysis**

In his current motion, entitled "Re-Submission of Motion to Dismiss" [126] (to which he attaches a document entitled "Original Motion to Dismiss Indictment"), Hester argues that Laws' failure to file an appearance form in his case left him without counsel or proper representation at the detention hearing. [126 at 6.] Hester also contends that the government violated his Sixth

4

Amendment rights by contacting Laws concerning the Speedy Trial motions and implies that the government deliberately sent electronic copies of the motions to the federal defender who represented him at his initial appearance, rather than to Laws. *Id.* The argument that Laws was not Hester's attorney and that Laws accordingly had no authority to waive objection to the motions was raised by Hester at the conclusion of the August 21, 2009, and rejected by Judge Manning.

While Federal Rule of Criminal Procedure 12(b)(3)(B) permits a party to make a pretrial motion that challenges the sufficiency of an indictment or information,[2] Hester's current motion is an effort to relitigate Judge Manning's decision to deny Hester's previously filed dismissal motions. In the main, Hester reargues the same facts presented to Judge Manning at the August 21, 2009 hearing. However, in the present motion, relying on the same facts, Hester now argues a violation of his Sixth Amendment right to counsel because attorney Laws failed to file an appearance form after being given leave to do so. For the sake of completeness, the Court considers this argument, although it appears to be track very closely the argument already rejected by Judge Manning.

The right to counsel under the Sixth Amendment begins with "the initiation of adversary judicial criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois*, 406 U.S. 682, 689 (1972). Once

---

[2] The Seventh Circuit teaches that an indictment is constitutionally adequate and complies with Rule 7(c)(1) where it (i) states the elements of the offense charged, (ii) fairly informs the defendant of the nature of the charge so that he or she may prepare a defense, and (iii) enables the defendant to plead an acquittal or conviction as a bar against future prosecutions for the same offense. *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997); see also *Hamling v. United States*, 418 U.S. 87, 118 (1974) (discussing precedent and describing when the language of the indictment will be deemed sufficient); *Russell v. United States*, 369 U.S. 749, 763 (1962) (among the criteria for gauging sufficiency of an indictment are whether it includes "the elements of the offense intended to be charged" and whether is "sufficiently apprises the defendant of what he must be prepared to meet").

adversarial judicial proceedings have commenced, a defendant has the right to court-appointed counsel "at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." *United States v. Wade*, 388 U.S. 218, 226 (1967).

A review of the record in this case indicates that both Hester and Laws represented to the Court that Laws was Hester's retained counsel. At the initial appearance, the federal defender stated that she was "standing in for [Hester's] retained counsel, Mr. William Laws." Later during the hearing, she stated, "I'd like Mr. Hester to be able to consult with his retained attorney." Near the conclusion of the hearing, the court informed Hester, "All right, Mr. Hester, the government has moved to have you held in custody pending the trial of your case and I set the hearing for that, by agreement with your retained counsel, for this Friday at 10:15 a.m." After hearing this from the court, Hester did not inform the court that Laws was not actually his attorney.

At the detention hearing on October 24, 2008, Hester's attorney introduced himself as "William Laws on behalf of the defendant, Joseph Hester." In response to the court's question, "[a]re you retained counsel?", Laws responded "Yes, your Honor." The Court then stated, "Williams Laws is given leave to file his appearance on behalf of defendant." During the detention hearing, Laws argued on behalf of Hester in an effort to secure his release on bond. Near the conclusion of the hearing, Laws stated, "Judge, we'll waive the preliminary hearing with the understanding that the date – the government will tender me pre-indictment discovery." All of the foregoing could leave the Court (or any other observer) with only one impression – namely, that Laws was Hester's retained attorney in this matter.

After the conclusion of the detention hearing, despite being given leave to do so, Laws never actually filed his appearance. Yet during the August 21, 2009 hearing on Hester's first motion to dismiss and Speedy Trial Act challenges, Laws admitted that he appeared at Hester's detention hearing, waived the preliminary hearing, and never told the Court or counsel for the government that he was not representing Hester. He also admitted that he requested information and guidelines calculations from government counsel and conveyed the information to Hester. Laws further acknowledged that he appeared at Hester's arraignment, "stood up on [Hester's] behalf" at the arraignment, and never told the judge at the arraignment that he was not representing Hester. Laws never informed the Court that he was not Hester's attorney prior to seeking leave to withdraw on March 25, 2009. Indeed, even in the motion to withdraw, Laws referred to himself as "counsel for the defendant, Joe Hester" and indicated that he wanted to withdraw "as counsel for the defendant."

Hester's actions similarly indicate that he considered Laws to be his attorney, even if he was not always happy with the arrangement. Hester referred to Laws in his "motion for court to acknowledge defendant as *pro se*" [33] and argued that "upon the defendant's incarceration in federal custody his counsel has virtually disappeared * * * he failed to return phone calls from the defendant, letters, and all forms of attempted communication even through a third party." Hester further noted that "the defendant's counsel claimed he was doing research for the 120+ days he was incarcerated without being indicted." Hester contended that at his arraignment, "the court forced the defendant to be arraigned with counsel he did not trust or wish to have present." [33 at 1.] Hester also consistently referred to Laws as his attorney in several pleadings: "his counsel" [35 at 2]; "the defendant's attorney" [36 at 1]; "the defendant's former counsel who represented the defendant at the above dates [November 20, 2008, December 22, 2008, January

7

22, 2009]" [56 at 1]; "upon the case being intercepted by the federal government the defendant's attorney met with him one time assuring him a good defense" [38 at 1]; "defendant has had several people contact his counsel who continues to state for the past almost three months now that he is doing 'research'" [38 at 1]; "the defendant truly feels that this counsel is not equipped to handle a case of this size" [38 at 10]; "defendant was left alone by his counsel" [56 at 2]; "defendant filed a motion to dismiss his counsel" [56 at 2]; "defendant's former counsel claims to not have authorized any such continuance * * * defendant's counsel had not visited with the defendant" [63 at 2]; "even if the defendants' counsel had objected" [63 at 2]; and "defendant filed a motion to dismiss his counsel" [63 at 3]. As the last citation indicates, Hester did file a motion to dismiss his counsel [19] on January 16, 2009.

Despite the words and actions of both Laws and Hester, it was only after Laws testified at the August 21, 2009 hearing that Hester argued that he had been without counsel since the inception of the case. Regardless of whether Laws filed an appearance form, after being explicitly given leave to do so, both Laws and Hester represented to the Court and opposing counsel that Laws was Hester's retained counsel. To find that the failure to file an appearance form serves as the basis for a successful Sixth Amendment challenge on these facts would "exhalt form over substance," something that the Supreme Court has cautioned against. *Escobedo v. Illinois*, 378 U.S. 478, 486 (1964). The circumstances would be different if Laws had not appeared in court and consistently advocated on Hester's behalf, including at the detention hearing and at the arraignment. But the record reflects that he did undertake those tasks for Hester and that both Laws and Hester – in word and deed – left the government and the Court with the reasonable impression that Laws was Hester's attorney until Hester and Laws had filed motions indicating their mutual desire to part ways.

Further, as Judge Manning concluded, Hester has not demonstrated that he suffered any prejudice as a result of the purported lack of counsel at the detention hearing and the arraignment. The absence of counsel at a critical stage violates the Sixth Amendment, without demonstrable prejudice being shown, if it is found to have "affected – and contaminated – the entire criminal proceeding." *Satterwhite v. Texas*, 486 U.S. 249, 257 (1988). Although Hester was not always satisfied with counsel's representation, he indicated that Laws was his chosen counsel and Laws was present for his detention hearing and his arraignment. Furthermore, Hester has not contended that Laws was deficient in any manner with respect to these hearings, with the exception of his failure to file an appearance form. No trial or motion hearing took place in Laws' absence or prior to his withdrawal from the case. Thus, even if the Court found the lack of an appearance form to be sufficient to find a Sixth Amendment violation – which the Court declines to do – Hester has not demonstrated that he suffered prejudice from Laws' performance or conduct.

Along the same lines, Hester contends that the government violated his Sixth Amendment rights by contacting Laws concerning the Speedy Trial motions. The Court is not aware of any authority holding that the government's contact with an attorney who has represented himself to be a defendant's attorney constitutes deprivation of the right to counsel. Hester also implies that the government deliberately sent electronic copies of its Speedy Trial Act motions to the federal defender who represented Hester at his initial appearance, rather than to Laws, in an effort to engage in some subterfuge. However, the electronic delivery to the defense attorney of record was initiated in the clerk's office, pursuant to the electronic filing system. Since Laws never filed an appearance, the federal defender who initially appeared on Hester's behalf remained on the docket as counsel of record and received the government's

electronic filings in this case. Hester alleges no prejudice from the sending of these notices to his former counsel, nor can the Court perceive any. In any event, the allegations concerning the electronic notices do not support dismissal.

**III.     Conclusion**

The Court determines that no Sixth Amendment violation occurred in this case. Additionally, Hester has failed to state any reason to disturb Judge Manning's August 27, 2009 decision to deny the Speedy Trial and due process motions. Hester failed to show that the extensions of time to return an indictment granted by Chief Judge Holderman were an abuse of discretion or that he suffered any actual prejudice as a result of those extensions or anything else that occurred while Laws held himself out as Hester's lawyer. For these reasons, Defendant Hester's Re-Submission of Motion to Dismiss [126] is respectfully denied.

Dated:  June 29, 2010                              _____
                                                   Robert M. Dow, Jr.
                                                   United States District Judge