# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 08 CR 848 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| JOE HESTER, | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Joe Hester's motion for bond [151]. For the reasons set forth below, the motion for bond [151] is respectfully denied.

**I.  Background**

On October 17, 2008, Magistrate Judge Susan Cox signed a criminal complaint that charged Joe Hester with a violation of 18 U.S.C. § 922(g). On the same date, Magistrate Judge Cox also issued a warrant for Hester's arrest. Hester was arrested on October 22, 2008. On that date, his initial appearance was held before Magistrate Judge Geraldine Soat Brown. Then, on October 24, 2008, on the Government's motion, a detention hearing was held before Magistrate Judge Brown, who ordered Defendant Hester to be detained as a danger to the community.

In concluding that detention was appropriate, Magistrate Judge Brown determined that the Government carried its burden of showing that Defendant is a danger to community. In support of her ruling, Judge Brown pointed out that both a controlled substance and a firearm were involved. She also noted that he was a convicted felon—felonies which include a 1995 conviction for carrying or possessing a firearm in public. In noting Defendant's history and character, Magistrate Brown observed that Defendant is a long-term resident of Chicago; however, she also observed that he did not have regular employment, a bank account, or

property. She then discussed what she believed to be the most significant factor—Defendant's criminal history. She noted that Defendant had

> many, many encounters with the state system, including, starting with, at * * * age 17, a conviction for a lesser offense of—on a charge of aggravated incest; age 20, a misdemeanor deceptive practices; at the same age, 20, possession of a controlled substance as a felony level, of which he was found guilty. Then you have, at 23, carrying a concealed weapon as a felony charge, again guilty; carrying a pistol without a license on a felony level, guilty; at age 24 in Georgia we have possession of marijuana on a felony level and burglary, for which he was found guilty and sentenced to three years. Then we have guilty of attempted theft at age 25 * * * felony burglary at age 25, guilty, sentenced to two years in the Department of Corrections. Then there's a number of arrests following that, but 1986 at age 31, unlawful use of weapons, guilty. Age 31, again, unlawful use of firearm, guilty. Attempted murder, guilty, sentence to five years. At age 38 possession of controlled substances on a misdemeanor level * * * * We'll pass that one over because at age 40 found guilty of carrying and possession of firearms in public, sentenced to two years.

Reiterating that Defendant has a history of repeated felony level convictions, many of which involve serious danger to the community on charges such as burglary, theft, attempted murder, and possession of firearms in public, she found Defendant to be a danger to the community. She also found that Defendant had used multiple aliases in connection with these charges, that he had a history of drug use, and that he tested positive for cocaine when arrested on the current charges. She further noted that after serving sentences for the various crimes he committed, he then committed other offenses (for which he was found guilty on a felony level) involving firearms in many cases and in some instances involving dangerous activities such as burglary and attempted murder.

On February 17, 2009, Hester was charged in a two-count indictment with one violation of 18 U.S.C. § 922(g) and one violation of 21 U.S.C. §841(a)(1). On December 9, 2009, Hester was charged in a three-count superseding indictment with one violation of 18 U.S.C. § 922(g), arising from the seizure of two firearms from his bedroom on August 1, 2007. The indictment

also charged two violations of 21 U.S.C. §841(a)(1), one arising from the seizure of narcotics from Defendant's shared residence on August 1, 2007, and a second arising from the seizure of narcotics from Defendant's person on October 22, 2008, when he was arrested on the warrant and criminal complaint in this case. Hester has now filed a motion for bond, in which he asks the Court to review and reconsider the issue of his pretrial detention, contending that he is neither a flight risk nor a danger to society.

**II.  Analysis**

Hester contends that he is not a danger to society (he attaches a number of letters from community members to that effect), he has a place to stay upon release, he has family in the Chicago area, and his passport has been relinquished to the Chicago Police Department. He also argues that he had been observing all the rules and regulations of his state bond. He also contends that as a *pro se* criminal defendant, he will be better able to represent himself if he is out on bond.[1] The Government maintains that Defendant should continue to be detained because clear and convincing evidence that he is a danger to the community exists.

Pursuant to Title 18, United States Code, Section 3142(e), the law requires pretrial detention of any defendant where no conditions on the defendant's release will reasonably assure the appearance of the defendant and/or the safety of the community. See *United States v. Salerno*, 481 U.S. 739 (1987) (to secure the pretrial detention of a defendant, the government must show the defendant is a flight risk by a preponderance of the evidence and/or that the defendant is a danger to other persons or the community by clear and convincing evidence);

---

[1]  Hester contends that "[i]nmates at the MCC [where Hester is currently detained] have very limited access to legal material and research," and he asks the Court to grant him bond so that he can properly research and defend his case. The Court notes that (1) Defendant has standby counsel, (2) the Court has urged Defendant to reconsider whether he would like to have counsel -- appointed or retained -- as the case moves forward, and (3) all of Hester's submissions to this Court have been thoroughly researched and capably presented.

*United States v. Portes*, 786 F.2d 758, 764-65 (7th Cir. 1985). The district court's review of a magistrate judge's detention order may be conducted either by reviewing the transcript, or by holding a new hearing. See *United States v. Torres,* 929 F.2d 291, 292 (7th Cir. 1991). 18 U.S.C. § 3142(f) provides that detention hearings "may be reopened before or after a determination by the judicial officer * * * if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Although the district court has the authority to conduct a new hearing, it is not required. Hester has filed a thirteen-page brief but does not specifically request a new hearing, nor does the Court find one to be warranted. Hester has offered nothing that would satisfy the threshold requirement for re-opening the detention hearing. As such, this Court exercises its discretion to conduct its *de novo* review without hearing additional evidence or argument beyond the written submissions; however, the Court notes that it has read and considered the letters (from friends, acquaintances, and community members) attached to Hester's motion for bond, most (if not all) of which were written in 2009.

The government has the burden of proving that the defendant is either a flight risk or a danger to the community. *United States v. Daniels,* 772 F.2d 382, 383 (7th Cir. 1985). To justify detention based on the defendant's alleged dangerousness, the government must establish "by clear and convincing evidence that no condition or set of conditions will ensure the safety of the community." *U.S. v. Portes,* 786 F.2d 758, 764 (7th Cir. 1985). On the other hand, to justify detention based on a risk of flight, it must be established by a preponderance of the evidence that no set of conditions will reasonably assure the defendant's appearance in court at the required

times. *Id.* at 765. A finding of either danger to the community or a flight risk is sufficient to detain a defendant awaiting trial; a court need not find both to detain a defendant under the Act. *U.S. v. Daniels,* 772 F.2d at 383.

Section 3142(f) requires a detention hearing in cases involving narcotics offenses punishable by a maximum term of imprisonment of ten years or more, or any felony if the defendant has been convicted of two or more crimes of violence or controlled substance offenses punishable by a maximum term of imprisonment of ten years or more, or nonviolent felonies involving the possession or use of a firearm. *Id.* at §§ (f)(1)(C), (D), and (E). At the Government notes, Defendant Hester meets the requirements of 3142(f)(1) three times over, since he is charged with an applicable narcotics offense, an applicable firearms offense, and he has two or more convictions of crimes of violence or narcotics offenses punishable by a maximum term of imprisonment of ten years or more.

In determining whether the government has carried its burden of proof, the court may consider several factors. See 18 U.S.C. § 3142(g). The factors pertinent to this matter include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, or involves a controlled substance or firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id.*

Additionally, subsection 3142(e)(3) provides a rebuttable presumption in certain cases "that no condition or combination of conditions will reasonably assure the appearance of the

person as required and the safety of any other person and the community." *Id.* Among the cases subject to the rebuttable presumption are narcotics offenses punishable by a maximum term of imprisonment of ten years or more. Hester is charged with two violations of 21 U.S.C. §841(a)(1), each of which, according to 21 U.S.C. § 841(b)(1)(B), carries a maximum term of imprisonment of at least forty years. *Id.* The rebuttable presumption therefore applies to this case. The Seventh Circuit has explained that the presumptions in § 3124(e) "do not disappear when rebutted, like a 'bursting bubble' presumption." *United States v. Dominguez*, 783 F.2d 702, 706 (7th Cir. 1986). These presumptions are "rebutted" when the defendant "meets a 'burden of production' by coming forward with some evidence that he will not flee or endanger the community if released." *Id.* That said, the Seventh Circuit has made clear that use of the word "rebutted" is "somewhat misleading because the rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.*

The rebuttable presumption notwithstanding, Hester does not fare well when his background is considered pursuant to the factors set forth in section 3142(g). He is charged with a firearms offense and two narcotics offenses: Section 3142(g)(1) specifically mentions both narcotics offenses and cases involving firearms, whether violent or not, as factors to be considered. In terms of the weight of the evidence, the grand jury has twice found probable cause to charge Hester. The Court denied his suppression motion, and, at least at this time, the results of the search warrant executed at his home on August 1, 2007, including the recovery of firearms, narcotics, and narcotics distribution paraphernalia, will be admissible at trial.

As summarized by Magistrate Judge Brown above, Hester is an individual with an extensive criminal record, multiple aliases, no stable employment or finances, limited family ties

to this area, and a background of narcotics abuse. The pretrial services report notes conviction of a sex offense, multiple convictions for deceptive practices, multiple convictions for possession of a controlled substance, multiple convictions for theft and attempted theft, multiple convictions for firearms offenses, and convictions for burglary, criminal damage to property, attempted murder, and aggravated battery. The report notes bond forfeitures in 1977 and 1984, the use of at least eight aliases and multiple dates of birth, and the fact that Hester tested presumptively positive for cocaine at the time of his arrest and admitted to marijuana and cocaine use during his lifetime. The report further notes that Hester has eight siblings but is not close with his parents or siblings, and that Hester reported self-employment for the past 12 years. The report also notes that Hester was out on bond at the time of his arrest in this case and was found to have narcotics on his person, giving rise to the charges in Count Three of the superseding indictment.

Considering the "danger to the community" factor of 3142(g), Hester's long criminal record, including multiple convictions for theft, burglary, firearms offenses, and a conviction for attempted murder, speaks for itself. As noted above, the presumption applicable in this case is rebutted when the defendant comes forward with evidence that he will not flee or endanger the community if released. *United States v. Dominguez*, 783 F.2d 702, 706 (7th Cir. 1986). Hester's evidence is nowhere near what would be needed to overcome the presumption in this case. He contends that he is not a danger to society and attaches a number of letters from community members to that effect, but makes no mention of, explanation of, or excuse for his extensive criminal history. He states that he has a place to stay upon release, indicating that he will stay with Dorlice Johnson at her home. Yet this address is the same address where the search warrant giving rise to this case was executed on August 1, 2007. Under the circumstances, this is hardly an appropriate residence given the fact that Ms. Johnson was present in the apartment with

7

Hester, the firearms, the narcotics, and the narcotics paraphernalia at the time that the warrant was executed. Moreover, he does not indicate any plans for future employment or for supporting himself should he be released on bond; prior to his arrest, it appears that he was supported by Ms. Johnson. He states that he has family in the Chicago area; however, he told Pretrial Services that he is not close with any member of his immediate family, no family member has come forward offering bond, employment, or a residence, and no family member has submitted any letter to the Court on Hester's behalf. Although Hester points out that his passport has been relinquished to the Chicago Police Department, he doesn't have to flee the United States in order to flee the jurisdiction and evade authorities. And as to Hester's argument that he had been observing all the rules and regulations of his state bond, the narcotics charges in Count Three of the superseding indictment, as well as the fact that Hester tested presumptively positive for cocaine upon arrest, belie his argument that he can conform, and has conformed, his conduct to the law while on release. The presumption clearly not been rebutted in this case.[2]

## III. Conclusion

In summary, the credible information submitted at the hearing before Magistrate Judge Brown established by clear and convincing evidence that Defendant Hester poses a danger to the community and by a preponderance of the evidence that Defendant will not appear, and nothing in the motion or response materially alters the calculus regarding Defendant's suitability for release on bond under § 3142 and the applicable case law. Thus, the Court finds that the Government has carried its burden of showing by clear and convincing evidence that Hester is a danger to the community and that no conditions or combination of conditions upon release will

---

[2] Hester cites a number of cases in which various defendants have been released on bond for serious offenses, none of which offers him any support, given the fact that he is charged with both a firearms offense and two narcotics offenses, and also given his criminal background, lack of assets to post, illegal activity while out on bond in his state case, and lack of close ties to this community.

8

reasonably assure the appearance of Defendant and/or the safety of the community. Defendant Hester's motion for bond [151] is respectfully denied.

Dated: January 14, 2010

                                              Robert M. Dow, Jr.
                                              United States District Judge